IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HILDA LEAH FLOYD, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: RDB-09-0735 |
| U.S. DEPARTMENT OF HOMELAND SECURITY | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM OPINION

Plaintiff Hilda Leah Floyd ("Plaintiff," or "Floyd"), proceeding *pro se*, has brought this action against the U.S. Department of Homeland Security ("DHS"), asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Whistleblower Protection Act, 5 U.S.C. § 2302, the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, the Privacy Act, 5 U.S.C. § 552a *et seq.*, and the federal civil rights statute, 42 U.S.C. § 1983.[1] Floyd, a former employee of the Transportation Security Administration ("TSA"), a component of the DHS, alleges that she was subjected to unlawful and discriminatory treatment in her position as a Transportation Security Officer. Currently pending is Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Paper No. 19). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Paper No. 19) is GRANTED and this action is DISMISSED.

---

[1] Defendant has acknowledged that the proper defendant to a Title VII civil action against the federal government is the head of a targeted department or agency. *See* 42 U.S.C. § 2000e-16(c). As a result, Defendant's Motion to Dismiss, or, In the Alternative, for Summary Judgment (Paper No. 19) was filed on behalf of Janet Napolitano, Secretary, Department of Homeland Security.

**BACKGROUND**

I.     Floyd's Employment History with the TSA

On February 29, 2004, Plaintiff Hilda Floyd was hired by the Transportation Security Administration ("TSA") to serve as a Transportation Security Officer ("TSO") at the Baltimore-Washington Thurgood Marshall International Airport ("BWI"). In this role, Floyd was responsible for supporting security operations at the airport and for screening passengers and baggage at security checkpoints.

Floyd's employment history reveals that from January of 2006 until her removal in February of 2008, she was the subject of various disciplinary actions. On January 7, 2006 she received a Memorandum of Counseling admonishing her for unprofessional conduct on the job. (Def.'s Ex. 3.) In late January, Floyd was absent without leave ("AWOL") for five days. Floyd claimed that her absences were due to an injury she received on the job on January 21, 2006. (Def.'s Ex. 1, TSA's Report of Investigation ("ROI") p. 3.) Floyd was issued a Letter of Reprimand on April 19, 2006, for her absenteeism in January. (Def.'s Ex. 7.)

On August 24, 2006, TSA issued Floyd a letter notifying her that she would receive a three-day suspension beginning on September 6, 2006 for unprofessional conduct. (Def.'s Ex. 11.) The letter noted that on May 19, 2006, Floyd failed to comply with instructions with respect to closing the barrier tape on one of the security lanes and that she argued with a colleague and threw a hole-puncher. *Id.*

Floyd was later notified by the TSA in a letter dated March 1, 2007 that she would be suspended for 14 days in March of 2007 for failure to follow instructions. (Def.'s Ex. 15.) The letter stated that on December 20, 2006, Floyd disobeyed her supervisor's instructions when she refused to conduct a physical inspection of a cooler containing medical items. The letter also

cited Floyd's history of disciplinary problems related to unprofessional conduct and insubordination. *Id.*

On February 11, 2008, plaintiff was issued a proposed Notice of Removal for three instances of being AWOL and for failure to follow instructions. (Def.'s Ex. 16.) Floyd was finally separated from federal service on February 28, 2008. (Def.'s Ex. 17.)

II.     Procedural History

On November 1, 2006, Floyd contacted the TSA's Office of Civil Rights and Liberties ("OCRL") to present a claim of discrimination based upon two events: the letter of reprimand she received in April of 2006, and the suspension that she served in September of 2006. *See* ROI at p. 19. A Notice of Right to File a formal EEO complaint was issued to Floyd on March 30, 2007, which informed her of her need to file a written EEO complaint within 15 days. *Id.* at 26. However, Floyd did not file her formal EEO complaint until May 2, 2007. *Id.* at 11-15.

On July 24, 2007, TSA issued a partial acceptance letter concerning Floyd's formal EEO complaint, in which the agency agreed to investigate her claim that she was subjected to race and gender discrimination when she was allegedly suspended on September 29, 2006. *See* ROI at 60-65. Floyd was informed that she had five calendar days after receiving the letter to inform the agency if she disagreed with the accepted issue. *Id.* at 61. Nevertheless, Floyd never sought to correct the stated issue. (Def.'s Ex. 18, at ¶ 4.)

Floyd requested a hearing concerning her EEO complaint, which was placed on Administrative Judge Enechi A. Modu's docket. However, on March 13, 2009, she withdrew her EEO complaint in order to file her case in federal court. (Def.'s Ex. 19.)

Floyd filed the present action in this Court on March 19, 2009. Floyd's Complaint asserts several claims of discrimination under Title VII. In addition, she has asserted claims

under the Rehabilitation Act,[2] 29 U.S.C. § 701 *et seq.*, the Whistleblower Protection Act, 5 U.S.C. § 2302 *et seq.*, the Privacy Act, 5 U.S.C. § 552a *et seq.*, and 42 U.S.C. § 1983. Finally, Floyd asserts claims on behalf of her colleagues, Felicia Ringgold and Rosann Dorffnor. (Compl. pp. 1, 3, 4.)

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a

---

[2] Floyd stated that she was forced to work in violation of the "Disability Act." (Compl. at ¶ 3(b).) This Court assumes that she is instead asserting a claim under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*

"probability requirement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

### I.   Claim under 42 U.S.C. § 1983

Although Floyd has cited the federal civil rights statute, 42 U.S.C. § 1983, in her Complaint, she has failed to plead any allegations that could support such a claim.

To succeed on a § 1983 claim, a plaintiff must prove "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). Floyd's Complaint fails to address any of these elements. She does not reference any constitutional or statutory violation to base her claim and she does not name any individual as a cause for any violation. Finally, Floyd's action under § 1983 is not directed against an individual acting under state, as opposed to federal, authority. *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973) (ruling that § 1983 does not reach "actions of the Federal Government and its officers").

### II.   Claim under the Whistleblower Protection Act

Floyd appears to have asserted a retaliation claim under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8). Claims under the WPA must be dismissed when a plaintiff fails to exhaust her administrative remedies. *See McKinney v. Reich*, 1996 U.S. Dist. LEXIS 21925, at *6-7 (S.D.W. Va. Mar. 25, 1996). In a "mixed case" that sets forth WPA and discrimination claims, "a plaintiff properly exhausts administrative remedies either (i) by seeking

administrative relief with the [Merit Systems Protection Board], or (ii) by filing a complaint with the applicable agency EEO office, and either body may resolve the claims of both types." *Gordon v. Gutierrez*, 2006 U.S. Dist. LEXIS 91058, at *17 (E.D. Va. Dec. 15, 2006) (citations omitted).  In this case, there is no indication that Floyd sought administrative relief with the MSPB or that she addressed her claim under the WPA before the EEO.

In addition, Floyd fails to state a claim under the WPA.  To state a whistleblower retaliation claim, plaintiff must allege: "(1) that the aggrieved employee made a disclosure protected under the WPA, and (2) that the acting official has authority to take, recommend, or approve any personnel action and the official used this authority to take, or refuse to take, a personnel action against the aggrieved employee because of the aggrieved employee's protected disclosure."  *Gordon*, 2006 U.S. Dist. LEXIS 91058, at *19.  In her Complaint, Floyd does not identify any protected disclosure, and she does not allege any causally-related adverse personnel action.  Accordingly, Floyd's action under the WPA is dismissed for failure to exhaust administrative remedies and for failure to state a claim.

### III.     Claim under the Privacy Act

Floyd's Complaint is construed as asserting a cause of action under the Privacy Act of 1974.  *See* 5 U.S.C. § 552a(g)(1) (2006) (providing a private cause of action against federal agencies).  To support a cause of action under the Act, a Plaintiff must show that certain disclosures "violated the Act; (2) were committed willfully or intentionally; and (3) adversely affected her."  *Walker v. Gambrell*, 2009 U.S. Dist. LEXIS 60537, at *10 (D. Md. July 16, 2009).

Floyd alleges that TSA's Human Resources violated the Privacy Act when it left its employees' files "open to anyone" and allowed its files to be "removed by unauthorized employees." (Compl. at p. 3.)

Plaintiff has not pled sufficient factual detail to support her claim under the Privacy Act. For instance, she has not identified any non-consensual disclosure of information. *See* 5 U.S.C. § 552a(b). Nor does she specify the circumstances related to when her information was allegedly accessed in an unlawful manner. Floyd does allege that her "CA 1 Injury report" was missing during the investigation into her EEO complaint. (Compl. p.6.) However, she does not identify the file from which the report was missing, or who may have removed it.

Furthermore, in regards to the alleged disclosures, Floyd has not alleged that she suffered an adverse impact resulting from any intentional or willful agency action. The Supreme Court has stated that "the reference in § 552a(g)(1)(D) to 'adverse effect' acts as a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing, and who may consequently bring a civil action without suffering dismissal for want of standing to sue." *Doe v. Chao*, 540 U.S. 614, 624 (2004). Because Floyd has not pled any allegations pertaining to injury-in-fact or causation, she does not have standing to bring a claim under the Privacy Act.[3]

## IV.    Claim under the Rehabilitation Act

Plaintiff cannot pursue a claim of disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, against the TSA. The Aviation and Transportation Security Act (ATSA)

---

[3] Floyd also appears to bring a third-party claim on behalf of her fellow employees, Felicia Ringgold and Rosann Dorffnor. To have standing to bring a third-party claim "a plaintiff must demonstrate: (1) an injury-in-fact; (2) a close relationship between herself and the person whose right she seeks to assert; and (3) a hindrance to the third party's ability to protect his or her own interests." *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 214-15 (4th Cir. 2002). Floyd has not described any link or close relationship between herself and Dorffnor or Ringgold that would confer standing. Nor has she alleged that either Ringgold or Dorffnor are unable to protect their own rights.

preempts the Rehabilitation Act to the extent that the TSA is recognized as the sole authority for setting the terms and conditions of employment for security screeners. *Castro v. Secretary of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006) (per curiam) (ruling that the ATSA exempts the TSA from compliance with the Rehabilitation Act in regards to establishing hiring standards for security screeners); *Daniels v. Chertoff*, 2007 WL 1140401, *5 (D. Ariz. Apr. 17, 2007) (finding that "the ATSA preempts the Rehabilitation Act and the TSA is not required to provide accommodations to employees who are not capable of meeting the specific physical qualifications and employment standards promulgated pursuant to the ATSA").

### V.     Discrimination Claims under Title VII

Plaintiff's Complaint is construed as setting forth a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").[4] Viewing the entirety of the record in a light most favorable to the Plaintiff, this Court finds that Floyd has referenced the following as bases for her discrimination claims: (1) disparate pay; (2) disability discrimination; (3) hostile work environment; (4) removal; (5) blocked promotion; (6) misuse of AWOL; (7) missed leadership opportunities; (8) loss of bonus; (9) her 14-day suspension in March, 2007; (Ex. 15); (10) her 3-day suspension in September of 2006; and (11) her letter of reprimand dated April 19, 2006 (Ex. 7).

This Court finds that Floyd's discrimination claims must be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim.

#### A.  Dismissal for Failure to Exhaust Administrative Remedies

---

[4] Floyd's Complaint cites Title XI as an authority for her discrimination claims. Because the pleadings of *pro se* plaintiffs should be liberally interpreted, *see Walker v. Gambrell*, 2009 U.S. Dist. LEXIS 60537, at *9 (D. Md. July 16, 2009), this Court construes Floyd's discrimination claims as brought under Title VII.

Under Title VII's exhaustion requirement, federal employees must raise their discrimination claims in administrative proceedings before filing their claims in federal court. 42 U.S.C. § 2000e-16(c); *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976). This Court finds that Floyd has not properly exhausted her administrative remedies with respect to any of her discrimination claims.

First, a federal employee is required to contact an EEO counselor "within [45] days of the date of the matter alleged to be discriminatory . . . ." 29 C.F.R. 1614.105(a)(1); *Lewis v. Potter*, 2009 U.S. Dist. LEXIS 61979, at *8 (D. Md. July 17, 2009). Before the EEO counselor, Floyd alleged discrimination on the bases of race, sex, and disability due to her April 19, 2006 letter of reprimand, and the 3-day suspension she served on September 6-8, 2006. However, Floyd did not contact her EEO counselor until November 1, 2006, which is more than 45 days after the incidents complained of.[5]

In addition, a complainant must file a formal EEO complaint with the agency within fifteen days after receiving notice of a right to file a formal complaint. *See* 29 C.F.R. § 1614.106. Floyd did not file her formal EEO complaint until May 2, 2007—sixteen days after she received her Notice of Right to File on April 16, 2007. Accordingly, her claims contained in her formal complaint regarding her letter of reprimand and her three-day suspension were not timely filed, making them subject to dismissal. *Moret v. Harvey*, 381 F. Supp. 2d 458, 467 (D. Md. 2005).

Finally, Floyd's Complaint before this Court contains various claims that were not raised during the administrative process. In her formal EEO complaint, Floyd alleged that she was subjected to race and gender discrimination and a hostile work environment and she referenced

---

[5] The EEO Counselor's Report (ROI at pp. 17-23) states that Floyd's discrimination claims were connected to her reprimand letter and to the issuance of her suspension on September 29, 2006. This latter date is incorrect—the record reflects that after receiving notice on August 24, 2006, Floyd was suspended on September 6-8 of 2006.

the reprimand, the misuse of AWOL, and her suspensions. *See* ROI at pp. 11-15. In the present lawsuit, Floyd references many claims that were not included in her formal complaint, such as claims of disparate pay, removal, blocked promotion, missed leadership opportunities, and loss of bonus. The Fourth Circuit has held that "only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 963 (4th Cir. 1996). There has been no showing of how these additional claims bear any reasonable relation to her original administrative complaint; therefore, this Court lacks jurisdiction to consider them. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (noting that a court lacks jurisdiction over claims not "stated in the initial charge, reasonably related to the original complaint, or developed by reasonable investigation of the original complaint").

In conclusion, this Court finds that Floyd's discrimination claims must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, as Floyd has failed to properly exhaust her claims through the requisite administrative channels.

### B. Dismissal for Failure to State a Claim

Even assuming Floyd's claims were properly exhausted, they must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

#### 1. Employment Discrimination Claims

Because Floyd has offered no direct evidence of discrimination, her claims are considered under the burden-shifting proof scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). Under this framework, Floyd must first establish a *prima facie* case of discrimination, then the burden shifts to Defendant to provide a legitimate, nondiscriminatory

reason for its employment decisions.  *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).  If Defendant satisfies this burden, then the burden shifts back to Floyd to show that the offered reasons were pretextual.  *McDonnell*, 411 U.S. at 804.

An employee may demonstrate a *prima facie* case of disparate treatment by showing that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to adverse employment action; and (4) similarly situated employees outside of her class received more favorable treatment.  *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007).  "The central focus of the inquiry is whether the employer has treated 'some people less favorably than others because of their race, color, religion, sex or national origin.'" *Foreman v. Weinstein*, 485 F. Supp. 2d 608, 612 (D. Md. 2007) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

### a)  Claims that do not Constitute Adverse Actions

As noted, a plaintiff must allege that she was subjected to an adverse employment action to satisfy one of the elements of a *prima facie* case of discrimination.  *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985).  The Fourth Circuit has defined adverse employment actions as "ultimate employment decisions such as hiring, granting leave, discharging, promoting [or] compensating."  *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981).

Floyd cannot maintain a discrimination claim with respect to her reprimand, blocked promotion, lost supervisory opportunities, misuse of AWOL, and loss of a bonus.  These events and circumstances are not alleged to have significantly affected the terms or conditions of her employment, and therefore do not constitute adverse employment actions.

With respect to Floyd's claim concerning the "misuse" of AWOL time, the Fourth Circuit has held that allegations concerning "the manner in which" an employer implements its sick

leave or disciplinary policies do not constitute adverse employment actions. *See Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001). To constitute such an action, a plaintiff would need to allege that her requests for leave time were improperly denied by her employer, resulting in a loss of pay. *See Allen v. Rumsfeld*, 273 F. Supp. 2d 695, 706 (D. Md. 2003).

In certain circumstances, the denial of a particular promotion may be recognized as an adverse action. *See, e.g., Page*, 645 F.2d at 233. However, Floyd's claim fails because she has not identified any specific instance in which she was denied a promotion; she has merely alleged that she believes that her future ability to be promoted has been circumscribed. *See Foreman*, 485 F. Supp. 2d at 613 (noting that to establish a failure to promote claim, a plaintiff must show, *inter alia*, that "there was an open position for which she applied or sought to apply"). This claim, along with her claim regarding a "loss of supervisory opportunities," merely relates to her speculations concerning the eventual consequences of certain employment actions. *See James v. Booze Allen Hamilton, Inc.*, 368 F.3d 371, 377 (4th Cir. 2004) (finding that a plaintiff's poor evaluation was not an adverse employment action because plaintiff's "claim that this evaluation took him off track for promotion and formed a basis for denying him opportunities is again conjectural").

Finally, as a matter of law, it has been clearly established that an employer's reprimands and the withholding of a discretionary bonus do not represent adverse employment actions. *See, e.g.*, *Lewis v. Forest Pharmaceuticals, Inc.*, 217 F.Supp.2d 638, 648 (D. Md. 2002) ("Reprimands, whether oral or written, do not *per se* significantly affect the terms or conditions of employment."); *Shamman v. O'Keefe*, 314 F. Supp. 2d 515, 531 (D. Md. 2004) ("the non-receipt of a discretionary bonus does not constitute an adverse employment action").

### b) **Legal Insufficiency of Floyd's Discrimination Claims**

Even after accepting "all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), this Court finds that Floyd has failed to adequately plead a claim of discrimination. While a complaint need not contain "detailed factual allegations" to withstand a motion to dismiss, it must contain "more than labels and conclusions" or a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Floyd's Complaint does not provide sufficient factual detail to support her claims of discrimination. There are no factual allegations substantiating her conclusory claim that she was discriminated against because of her status as an African-American woman. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 153 (2000) ("the ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination").

Finally, even if Floyd could establish a *prima facie* case of discrimination, Defendant has cited legitimate, nondiscriminatory justifications for its decision to suspend Floyd on two occasions and to ultimately remove her from her position with TSA. The record reflects that Floyd's brief employment history with the TSA was replete with instances of her failure to follow instructions, argumentative behavior, and unprofessional conduct. In addition, Floyd was absent from work on several occasions without justification or pre-approval, including the entire period of time between January 17, 2008 and February 17, 2008. (Def.'s Ex. 17.) *See, e.g.*, *Fleming v. Borden, Inc.*, 829 F. Supp. 160, 163 (D. S.C. 1992) (noting that "excessive absenteeism under defendant's policy provides a legitimate, non-discriminatory reason" for dismissal); *Cunningham v. Owens-Illinois*, 669 F. Supp. 757 (S.D.W.V. 1987) (finding that a poor record of attendance is a legitimate non-discriminatory reason for termination).

13

Floyd, on the other hand, has not fulfilled her corresponding burden of showing that TSA's justification is pretextual. Therefore, Floyd cannot satisfy the remaining burden-shifting requirements of the *McDonnell Douglas* schema.

### 2. Hostile Work Environment Claim

To establish a *prima facie* case of a hostile work environment, a plaintiff must show that (1) she experienced unwelcome harassment; (2) that was based on her gender, race, color, or age; (3) was severe enough to alter the conditions of plaintiff's employment and create an abusive work environment, and (4) was imputable to the employer. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Floyd has not alleged conduct that was sufficiently "severe or pervasive" to create an abusive work environment. In weighing this factor, courts look at the totality of the circumstances and consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993). In addition, courts are instructed that "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (internal quotations omitted).

Floyd has not alleged, in sufficient factual detail, her claim of a hostile work environment. Her Complaint does not provide sufficient allegations showing that she was improperly treated on account of her protected status. She claims that she was "disrespected" and "treated as a child" by her colleagues and supervisors. In addition, she claims that she was threatened by a co-worker. Such claims are not alleged with sufficient factual detail, and do not

satisfy the "severe or pervasive" threshold because they do not show a pattern of egregious behavior. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (stating that isolated incidents of abusive language do not normally satisfy the prerequisite showing of severity or pervasiveness).

### 3. Disparate Treatment Resulting in Unequal Pay

Floyd alleges that she was discriminated against because a co-worker, TWO Karen Camp (now "Miller"), received a higher salary for performing the same job. However, Floyd cannot make out a claim for disparate treatment because she has not established that Miller is an employee that is "similarly situated" or "nearly identical in all respects." *Zackrie v. Lockheed Martin, Corp.*, 2006 U.S. Dist. LEXIS 75191, *14 (D. Md. Sept. 28, 2006) (internal quotations omitted). Miller's background differs from Floyd's in several significant respects. Miller has two more years of work experience, she has worked under a different supervisory chain, and she has received a merit based pay-band promotion. (Def.'s Ex. 21.)

Furthermore, Floyd cannot make out a claim of racial and gender discrimination on this ground because the record reflects that Floyd and Miller are both African-American females. (*Id.*) A plaintiff cannot establish a claim of disparate treatment by referencing a comparator of the same protected class.

### **CONCLUSION**

For the foregoing reasons, this Court GRANTS Defendant's Motion to Dismiss (Paper No. 19). A separate Order follows.

Dated: October 26, 2009                             /s/_____
                                                    Richard D. Bennett
                                                    United States District Judge